ISIDORE ALENT, Plaintiff, v. BANK OF UNITED STATES and Another, Defendants.

Supreme Court, New York County, February 1, 1928.

Banks and banking — checks — action to recover amount of check — check was given to close corporation not then in existence — one of three incorporators indorsed check, deposited in own name, and later turned money over to corporation — bank is not liable on theory that indorsement was forged.

The plaintiff entered into a contract with three coadventurers to purchase real property owned by them.   The contract, however, was made in the name of a corporation which the coadventurers were forming and the down payment was made by a check payable to the corporation.   At the time the check in suit here was given to the corporation, the organization was not complete and one of the three incorporators indorsed the check and deposited it to his own account but as soon as the corporation was completed the money was turned over to the corporation and credited to its account in the bank.   The plaintiff failed to complete the contract and brought this action to recover from the defendant on the theory that it had paid the check on a forged indorsement. The plaintiff cannot recover.

ACTION to recover the amount of a check which, according to plaintiff's theory, was improperly deducted by defendant bank from the plaintiff's account, the plaintiff contending that the indorsement of his check was a forgery.

*Hackenburg & Schwartz [Max A. Goldhill* of counsel], for the plaintiff.

*Isidor J. Kresel, Bernard Hershkopf, H. Louis Jacobson* and *Leon Leighton,* for the defendant Bank of United States.

*Samuel Zuckerman,* for the defendant Gerla.

MULLAN, J.   Three coadventurers, J. Gerla, B. Gerla and one Rothenberg, had procured from the owner a contract to sell to them a certain parcel of realty, situate in the city of New York. The plaintiff and one Goodman being desirous of obtaining that parcel, negotiated with the three coadventurers named for the purchase of it from them.   On or about July 28, 1926, the Gerlas and Rothenberg instructed their attorney to organize a corporation for them, styled Joelax Realty Co., Inc., for the purpose of taking title to the property in question in that character and name; and they then executed the certificate of incorporation.   The negotia-

tions with plaintiff and Goodman ripened on August 4, 1926, into a written contract by which the Gerlas and Rotherberg, acting in the name of the Joelax Realty Co., Inc., agreed to sell the property to plaintiff and Goodman, the contract calling for a down payment, on account, of $10,000. The contract was signed on behalf of the seller as follows: "Joelax Realty Co., Inc., Louis Rothenberg, Pres." The plaintiff gave his individual check for the down payment of $10,000, drawing for that sum on the defendant bank, the payee being named as Joelax Realty Co., Inc. The payee company had not at that time come into existence as a corporation, as it was not actually organized until August 6, 1926, the delay in completing compliance with the formal requirements of organization being due to the inability of the sellers' attorney to give earlier attention to the matter. The plaintiff's check was taken by B. Gerla, and on August 6, 1926, he deposited it with the defendant, to the credit of the individual account carried by him in that bank, he having first indorsed the check, with the sanction of his coadventurers, "Joelax Realty Co., Inc., B. Gerla, Treas." On August 7, 1926, Joelax Realty Co., Inc., then a *de jure* corporation of that name, opened an account in that corporate name, also with the defendant bank. B. Gerla thereupon wrote his check for $10,000 to the order of Joelax Realty Co., Inc., and it was deposited on August 7, 1926, in that corporate account, from which it was later checked out by the corporation. The contract between plaintiff and Goodman and Joelax Realty Co., Inc., called for a second payment on account by the vendees on August 10, 1926, on which day a short extension of time for the payment of that sum was agreed to. The second payment was not at any time made, and the sale was never consummated. Subsequently, this action was brought by plaintiff against the bank to recover the sum of $10,000, which, according to plaintiff's theory, was improperly deducted by the bank from plaintiff's account, the plaintiff contending that the indorsement of his check for $10,000 was a forgery.

It is conceded for the plaintiff that he is estopped to deny the corporate existence of the payee. (Neg. Inst. Law, § 111.) It is contended, however, that the provision contained in the same section of the statute, that the drawer admits the capacity of the payee to indorse, has no applicability to such a situation as is here dealt with; and it cannot be denied that there has been heretofore a significant failure to rely on that provision in the litigation and disposition of controversies similar to that here. I do not think, however, that the defendant's case depends upon a ruling in its favor that the statutory estoppel extends to the indorsement that was made by Gerla. Nor do I think that the plaintiff's case neces-

sarily depends upon a ruling that by his indorsement Gerla was guilty of the technical crime of forgery. I am of the opinion that the decision of this case should be rested on broader and more general principles of justice.

The question in a case such as this, as I read the authorities, is whether the drawer intended that the bank should pay the amount mentioned in the check to a definite individual or entity whom the drawer has named in the check; and if the person or entity to whom or which the drawer intended the payment to be made is the person or entity to whom or which the payment actually is made, the bank is protected no matter what name the drawer has given to that person or entity in the body of the check. (*Strang* v. *Westchester County Nat. Bank,* 235 N. Y. 68; *Hartford* v. *Greenwich Bank,* 157 App. Div. 448; affd., on the opinion of SCOTT, J., 215 N. Y. 726; *First Nat. Bank of Fort Worth* v. *Am. Exchange Nat. Bank,* 170 id. 88; 7 C. J. 686, § 414.) Here the plaintiff was dealing face to face with B. Gerla, believing he was a member of a certain corporation. The contract gave notice to plaintiff that Rothenberg was also a member. Presumably plaintiff knew that, as there must be at least three persons to form a corporation, one other person was a member, and it was wholly immaterial to him who that third person was. Manifestly, the persons he meant to be payees were those acting under the corporate name of Joelax Realty Co., Inc. By the mischance that they had not yet caused the corporation to be formed, he referred to them in his check by a name that they were not at that moment legally entitled to use. Surely the mere fact that when the check got to the three persons intended as payees they authorized one of their number to collect the sum named in the check and hold it temporarily for them all, cannot suffice to fasten liability upon the bank upon the notion or theory that payment was made by the bank to one unauthorized to receive it. The money was potentially in the possession of the three coadventurers at all times since the utterance of the check, and it actually came into the possession of the Joelax Realty Co., Inc., as soon as it became incorporated. Any previous irregularities were thus, as between the corporation and its founders, and the plaintiff, cured by ratification, and I am unable to discover any sound reason why the plaintiff in his assertion of this claim against the bank should be permitted to take advantage of an irregularity that did not cause him any loss. Under the stipulation I direct a verdict for defendant, with exception to plaintiff. I also, of course, deny plaintiff's motion for a direction, with exception. Thirty days' stay, and sixty days to make case.